FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 01, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE C., | No.1:19-CV-03229-JTR |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 15. Attorney D. James Tree represents Jose C. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on October 14, 2015, alleging disability since October 1, 2015 due to bipolar disorder, anxiety, PTSD, chronic headaches, right leg pain, rib pain, and low back pain. Tr. 109. The application was denied initially and upon reconsideration. Tr. 155-61, 164-70. Administrative Law Judge (ALJ) Virginia Robinson held a hearing on August 22, 2017, Tr. 47-89, and issued an unfavorable decision on August 13, 2018. Tr. 15-31. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 222-25. The Appeals Council denied the request for review on July 29, 2019. Tr. 1-5. The ALJ's August 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 23, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1991 and was 24 years old as of the alleged onset date. Tr. 30. He did not finish high school and has a minimal work history. Tr. 242. In 2010 he was shot multiple times and was awarded a closed period of disability from the shooting until early 2012. Tr. 94-103. He has struggled with his mental health for many years, and has been psychiatrically hospitalized twice and jailed multiple times.  Tr. 344, 404, 510-14, 605, 686.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at

1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

///

///

## ADMINISTRATIVE DECISION

On August 13, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: spinal impairment, right lower extremity impairment due to residual effects of gunshot wound, obesity, affective disorder, anxiety disorder (including post-traumatic stress disorder), personality disorder, and substance use disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> He cannot climb ladders, ropes, and scaffolding. He can frequently climb ramps and stairs. He can occasionally stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to vibration, extreme cold, pulmonary irritants, and hazards. He cannot work at unprotected heights. He can perform simple routine tasks, in a routine work environment with simple work-related decisions. He can have superficial interaction with a small group of coworkers. Public interaction should not be a required part of the job duties.

Tr. 21.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as an industrial truck operator. Tr. 30.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform,

///

specifically identifying the representative occupations of router, marker, small product assembler, document preparer, lens inserter, and addresser. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 31

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly assessing the medical opinions; and (2) not fully crediting Plaintiff's testimony.

## DISCUSSION

**1.    Medical opinion evidence**

Plaintiff argues the ALJ improperly assessed the medical opinions, including two evaluations from Dr. Cline, the consultative evaluations from Dr. Nestler and Dr. Pellicer, and the state agency psychological opinion from Dr. Flanagan. ECF No. 13 at 4-16.

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

### *a. Dr. Cline, 2015*

Plaintiff attended two psychological consultative exams with Dr. Cline, one in 2015 and one in 2016. Tr. 326-30, 371-75. In May 2015 Dr. Cline diagnosed Plaintiff with major depressive disorder, PTSD, marijuana use disorder in remission, and personality disorder, and noted rule out diagnoses of psychotic disorder and borderline intellectual functioning. Tr. 328. She noted no more than moderate limitations in any area of functioning, and expected the duration would be three to nine months with treatment. Tr. 329. She also noted Plaintiff had been working just a few weeks prior to the evaluation, and that mental health treatment and vocational assistance could be done while he continued to work. *Id.*

The ALJ gave this opinion some weight, noting the record was consistent with the assessed minimal or no limitations in various categories that Dr. Cline identified, but finding the evidence inconsistent with even moderate limitations in the abilities to plan independently, maintain appropriate behavior, complete a normal workday, or perform effectively in a work setting. Tr. 27. The ALJ found the assessed moderate limitations to be inconsistent with the other assessed mild limitations, and found Plaintiff's activities to be inconsistent with the degree of limitations opined. *Id.* Finally, the ALJ noted Dr. Cline had anticipated Plaintiff's limitations only lasting three to nine months. *Id.*

Plaintiff argues the ALJ erred, as there is no inconsistency between the various limitations; the ALJ failed to explain how any of the identified activities were inconsistent with the assessed limitations; and the duration was predictive, and ended up not being accurate, as Plaintiff's impairments continued, and worsened over the following year. ECF No. 13 at 6-8. Defendant asserts the limited expected duration of the opinion was a sufficient basis upon which to reject

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

it, as short-term assessments are of little use in determining functioning over a longer period of time. ECF No 15 at 5. Defendant further argues that even with the assessed limitations, Dr. Cline believed Plaintiff was capable of working while he sought treatment. *Id.* at 6.

      The Court finds the ALJ failed to offer specific and legitimate reasons for discounting this opinion. The Court can find no internal inconsistency in Dr. Cline's opinion, as she assessed varying levels of ability in different areas of functioning. There is nothing inconsistent about an individual being more impaired in his ability to maintain appropriate behavior and complete work effectively than in his ability to maintain attendance and perform routine tasks. The ALJ failed to adequately explain how the opinion contained any inconsistencies.

      Similarly, the ALJ did not identify any activities that were inconsistent with Dr. Cline's opinion. Regular household care and caring for children are not clearly inconsistent with limitations on maintaining appropriate behavior in a competitive work environment. The Ninth Circuit has repeatedly noted the difference between abilities around the home and impairment in the workplace. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); *see also Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); *Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996).

      Finally, with respect to the limited duration of Dr. Cline's 2015 opinion, the Court finds the ALJ's rejection on this basis to be unsupported by the context of the entire record. While Defendant is correct that opinions of limited duration are of minimal use in determining functioning over a longer period of time, Dr. Cline's opinion was her best prediction of how long Plaintiff's impairments would be expected to last with appropriate treatment. Tr. 329. Plaintiff did not receive regular treatment following this evaluation, and by the following year his

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

impairments had worsened, according to Dr. Cline. Tr. 373-74. The fact that Dr. Cline thought Plaintiff's impairment would persist for less than a year was not a valid reason to discount her opinion overall, as the record as a whole indicates this did not end up being the case.

On remand, the ALJ will reassess Dr. Cline's 2015 opinion along with the rest of the medical record.

### b. Dr. Cline, 2016

A year later Dr. Cline evaluated Plaintiff again and concluded his diagnoses consisted of antisocial personality disorder (the primary impairment), marijuana use disorder, PTSD, and unspecified depressive disorder due to ongoing substance abuse. Tr. 373. She found mostly moderate limitations, but found Plaintiff to be markedly impaired in his ability to communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 373-74. She opined the limitations would persist for six to twelve months with treatment, and that "his propensity for being frustrated/angered and acting out physically will make him very difficult to employ." Tr. 374.

The ALJ gave this opinion minimal weight, finding the doctor must have been overly reliant on Plaintiff's unreliable subjective reporting that was inconsistent with other benign findings, as the 2016 exam had essentially the same findings as the 2015 exam, but with a greater degree of limitations assessed. Tr. 28. The ALJ further found Dr. Cline was equivocal with respect to whether Plaintiff's psychological state was primarily the result of substance abuse. *Id.* Finally, the ALJ again noted the limited duration of the assessed limitations, and found the limitations to be inconsistent with Plaintiff's activities. *Id.*

Plaintiff argues the ALJ was incorrect in finding the 2015 and 2016 exams to have essentially the same findings, in characterizing the record as containing "typically benign psychological findings," and in finding Dr. Cline equivocated

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

with respect to substance use. ECF No. 13 at 8-12. He further argues the duration factor is not relevant because impairments need not be permanent, just lasting for twelve months, and that there is no inconsistency between the opinion and Plaintiff's activities. *Id.* at 10-13. Defendant argues that the ALJ reasonably rejected the opinion based on evidence that indicated Plaintiff was pursuing secondary gain in the evaluation. ECF No. 15 at 6-7. Defendant asserts any other errors in the evaluation are harmless.

      The Court finds the ALJ failed to offer specific and legitimate reasons for discounting Dr. Cline's 2016 evaluation. The ALJ is incorrect that the 2015 and 2016 exams contained "essentially the same examination findings." The exams contained different results, including additional impairment in 2016 with respect to thought process and content and different reported symptoms. *Compare* Tr. 326-30 *with* Tr. 371-75. At the 2016 exam Dr. Cline also documented Plaintiff's defensive and threatening manner at the end of the meeting. Tr. 372. There is nothing in Dr. Cline's report that indicates Plaintiff was faking these symptoms or exaggerating for secondary gain purposes.

      The Court further finds the ALJ's implication that psychological exam findings following Dr. Cline's report were "typically benign" is not supported by substantial evidence. The ALJ cited to records for the year after Dr. Cline's exam, referencing periods of time when Plaintiff was medicated or in a controlled environment. Tr. 396, 401, 417, 527, 544, 551, 619-20, 624-25. The ALJ omitted incidents from the same stretch of time when Plaintiff exhibited violent, aggressive, paranoid, unstable behavior when off his medication or at the beginning stages of stabilization. Tr. 391, 404, 493, 589-92, 630-31, 678-79, 727. Notably, later in the day after Dr. Cline's exam, Plaintiff was psychiatrically hospitalized and spent a week recovering in the Bridges in-patient facility, which the ALJ did not acknowledge. Tr. 574, 605, 743. While ALJs must by necessity rely on examples in discussing the record, the examples an ALJ chooses "must in

fact constitute examples of a broader development" of the record. *Garrison*, 759 F.3d at 1018. The Court finds the ALJ's characterization of the records following Dr. Cline's exam to be selective and not representative of the record as a whole.

The Court finds the same analysis regarding duration and Plaintiff's activities regarding the 2015 opinion applies to the 2016 opinion as well.

Finally, the ALJ's rejection of Dr. Cline on the basis of her equivocation regarding the materiality of Plaintiff's marijuana abuse is not a specific and legitimate reason to discount her opinion. Dr. Cline indicated that Plaintiff's marijuana abuse could be exacerbating his condition, particularly his depressive disorder, but she also indicated his condition would continue even with sobriety. Tr. 373-74. The ALJ found that substance use contributed to Plaintiff's limitations, but did not prevent gainful activity. Tr. 26. If the ALJ felt the disabling limitations opined by Dr. Cline were due to substance use, then she would have been required to engage in a materiality analysis to determine whether Plaintiff would have continued to be disabled in the absence of substance use. Social Security Ruling 13-2p.

The Court therefore finds the ALJ failed to give specific and legitimate reasons for discounting Dr. Cline's 2016 opinion. On remand the ALJ will reconsider the opinion along with the medical record as a whole.

### c. Dr. Nestler

Plaintiff attended a consultative psychological exam with Dr. Nestler in May 2016. Tr. 367-70. Dr. Nestler diagnosed Plaintiff with PTSD, depressive disorder, anxiety disorder, and substance use in sustained remission. 369-70. Dr. Nestler opined Plaintiff would not have difficulty performing simple and repetitive tasks or detailed and complex tasks, based on his normal cognitive testing, but found that he would have difficulty with accepting instruction from supervisors, interacting with coworkers and the public, performing work activities on a consistent basis without special or additional instructions, maintaining regular attendance in the

workplace, and completing a normal workweek without interruptions and dealing with usual stress encountered in the workplace. Tr. 370.

The ALJ gave some weight to the portion regarding Plaintiff's ability to perform simple tasks, but gave limited weight to the remainder of the opinion, finding it to be inconsistent with Plaintiff's activities and other records demonstrating largely intact mental status findings. Tr. 29. The ALJ also noted Plaintiff made false statements to Dr. Nestler about his substance use. *Id.*

Plaintiff argues the ALJ ignored portions of the record that are consistent with Dr. Nestler's opinion, misinterpreted the timeline of Plaintiff's statements about substance use, and failed to identify any activities that were actually inconsistent with Dr. Nestler's opinion. ECF No. 13 at 13-14. Defendant argues the ALJ's interpretation of the record was reasonable and the identified evidence contradicts Dr. Nestler's opinion.

The Court finds the ALJ failed to offer specific and legitimate reasons for rejecting Dr. Nestler's opinion. As discussed above, the ALJ's string cite to relatively normal mental status exam findings is not representative of the record as a whole, and omits the numerous occasions where Plaintiff exhibited symptoms consistent with Dr. Nestler's opinion. "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F. 3d 995, 1017 (9th Cir. 2014).

As also discussed above, the ALJ did not identify any activities that are inconsistent with Dr. Nestler's opinion regarding Plaintiff's abilities in a full-time competitive work environment. Household activities and caring for one's own children are not equivalent to performing work activities on a consistent basis and completing a normal work schedule. *Popa v. Berryhill*, 872 F.3d 901 (9th Cir. 2017).

With respect to Plaintiff's conflicting statements about substance use, the Court finds the ALJ failed to indicate how this impacted the reliability of Dr. Nestler's opinion. Defendant argues an ALJ may reject an opinion that is predicated on erroneous beliefs. ECF No. 15 at 7-8. However, the ALJ did not explicitly find that Dr. Nestler's opinion was based on erroneous beliefs. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). There is no indication as to the extent to which Dr. Nestler based her opinion on Plaintiff's denials of substance use. Tr. 367-70. Alternatively, if the ALJ was implying that Plaintiff's substance use actively impacted the exam results, then she should have evaluated the materiality of substance use under Social Security Ruling 13-2p. Because the ALJ failed to explain the impact of Plaintiff's false statements about his substance use, this does not constitute a specific and legitimate reason for discounting Dr. Nestler's opinion.

On remand, the ALJ will reconsider Dr. Nestler's opinion in connection with the medical record as a whole.

### d. Dr. Pellicer

On May 11, 2016, Plaintiff attended a consultative physical exam with Dr. Mary Pellicer. Tr. 359-66. Dr. Pellicer's impression was Plaintiff has chronic pain in his right leg, back and chest, and with paresthesia and decreased range of motion secondary to being shot in 2010. Tr. 363. She opined Plaintiff was able to stand and walk for four hours in an eight hour workday with more frequent breaks, sit for about six hours in an eight-hour workday with more frequent breaks, could lift and carry 20 pounds occasionally and 10 pounds frequently, and could occasionally bend and never squat, crawl, kneel, or climb. Tr. 363-64.

The ALJ gave this opinion some weight, but found that the evidence of record indicated Plaintiff had minimal postural limitations and the ability to stand

and walk without significant limitations. Tr. 26-27. She found Plaintiff had previously worked with his longstanding pain complaints, and that his presentation at the exam with Dr. Pellicer was undermined by other records showing normal range of motion and intact sensation. *Id.* She further noted Dr. Pellicer did not offer any actual diagnosis for Plaintiff's pain symptoms. *Id.*

Plaintiff argues the ALJ erred in rejecting Dr. Pellicer's greater physical limitations, including the note that Plaintiff needed more frequent breaks, which was likely to be inconsistent with competitive productivity requirements. ECF No. 13 at 15-16. He asserts the allegedly inconsistent exams do not clearly contain full exam results that contradict Dr. Pellicer's objective findings, and that his work activity prior to the alleged onset date is irrelevant to the evaluation of his functional abilities after the alleged onset date. *Id.* Defendant argues that, because Plaintiff's injuries occurred in 2010, his work activity from 2012 to 2015 undermines his allegations in 2016. ECF No. 15 at 10-11.

The Court finds the ALJ's interpretation of the record as containing contradictory findings only a few days later is reasonable. Tr. 753-56. The presence of contradictory treatment notes is a specific and legitimate reason to discount an opinion. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009). An ALJ may also rely on evidence that a claimant's condition has "remained constant for a number of years" and "has not prevented [the claimant] from working over that time." *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988). The record contains no evidence about Plaintiff's physical conditions worsening over the years, and Plaintiff was unable to articulate at the hearing any ways in which his physical conditions had changed since he had last worked. Tr. 57-58.

However, as this claim is being remanded for further evaluation of other evidence, the ALJ will reconsider the medical record as a whole.

### **e. Dr. Flanagan**

1    Dr. Flanagan reviewed Plaintiff's records in connection with his request for
2 reconsideration of the initial denial of his claim. Dr. Flanagan opined Plaintiff
3 would have occasional difficulties in maintaining concentration, persistence, and
4 pace when he was symptomatic, but was generally capable of performing simple,
5 routine tasks, attending work within customary tolerances, and working within a
6 routine and completing a normal workweek. Tr. 129. Dr. Flanagan found Plaintiff
7 had some social limitations, would do best in a predictable work environment, and
8 may need additional time to adjust to new procedures. Tr. 129-30.
9    The ALJ gave this opinion significant weight, and found it consistent with
10 the treatment records, exam findings, and Plaintiff's activities. Tr. 29. The ALJ
11 noted she did not interpret Dr. Flanagan's opinion that Plaintiff would have
12 occasional difficulties with concentration to mean "occasional" as it is used in the
13 Dictionary of Occupational Titles, and otherwise found the established RFC would
14 account for any other limitations included in Dr. Flanagan's opinion. *Id.*
15    Plaintiff argues the ALJ did not explain what in the opinion made her
16 assume Dr. Flanagan was not using "occasional" in the vocational sense of up to
17 one-third of the day. ECF No. 13 at 14-15. He argues it is unreasonable to presume
18 an Agency expert would not use that term in the same way as the Agency does in
19 other contexts, and that if Plaintiff were to have difficulty with concentration,
20 persistence, and pace for up to one-third of the day, he would be unemployable. *Id.*
21 Defendant argues that the ALJ's interpretation was reasonable, in that Dr. Flanagan
22 indicated Plaintiff was capable of working, so clearly did not intend to assess
23 disabling concentration limitations. ECF No. 15 at 9-10.
24    The Court finds the ALJ's explanation to be sufficient, as she indicated a
25 reasonable interpretation of the opinion and the accompanying records. However,
26 as this claim is being remanded for reassessment of the other opinion evidence, the
27 ALJ shall reconsider the record as a whole, including the state agency opinions.
28  **2.    Plaintiff's subjective allegations**

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 14

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 13 at 17-21.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. Specifically, the ALJ found: (1) Plaintiff had previously worked with his physical impairments, and had received minimal treatment for his physical problems with few objective findings; (2) his mental impairment improved with medication, but he was frequently non-compliant; (3) he made inconsistent statements regarding his substance use; (4) Plaintiff made inconsistent statements about symptoms and the efficacy of past treatment, and demonstrated a "feigned" response style on one exam; and (5) his demonstrated activities were inconsistent with his alleged physical and mental limitations. Tr. 22-26.

1        Plaintiff argues the ALJ's interpretation of the record is not reasonable, pointing to evidence that the variations in the record are a part of Plaintiff's bipolar disorder, including his lack of consistent engagement in treatment and compliance with medication. ECF No. 13 at 17-20. Plaintiff also argues that the identified activities were minimal and done on his own time and at his own pace. *Id.* at 21. Defendant argues the ALJ's interpretation of the record is reasonable, and the various inconsistent statements undermine the reliability of Plaintiff's reports. ECF No. 15 at 2-5.

        The Court finds the ALJ offered clear and convincing reasons for discounting the reliability of Plaintiff's subjective reports. Her rationale with respect to Plaintiff's physical complaints is supported by substantial evidence. As discussed above, an ALJ may rely on evidence that an individual's impairments have remained constant and did not prevent the claimant from working in the past. *Gregory*, 844 F.2d at 666-67. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Though the identified activities may not indicate an ability to work full time, they do undermine Plaintiff's allegations of disabling physical limitations. Furthermore, ALJs may consider inconsistent statements by a claimant in assessing their reliability. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

        However, the Court notes much of the ALJ's discussion does not sufficiently consider the context and nature of Plaintiff's mental health impairments. The record contains significant evidence that Plaintiff's mental impairment is difficult to treat, and that his symptoms interfere with his ability to regularly engage in treatment, including evidence of lack of insight into his conditions, his tendency to not take medication consistently, and his distrust of mental health treatment. Tr. 326-27, 343-44, 366, 370, 374, 382, 401, 404, 507, 605, 610-13, 627-32, 678. The Ninth Circuit has noted that "it is a questionable practice to chastise one with a

mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). As this claim is being remanded for further evaluation of the medical opinion evidence, the ALJ will also reassess the reliability of Plaintiff's complaints in light of the entire record.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence and reassess Plaintiff's subjective complaints and complete the five-step process.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy

///

///

///

to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

    **IT IS SO ORDERED.**

    DATED September 1, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 18